UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

FREDERICK H. GRUMBLEY,

                        Plaintiff,

v.                                              Case No. 05-CV-71877-DT

PAUL FEHRMAN and
THE STATE OF MICHIGAN,

                        Defendants.
_____/

## ORDER OF DISMISSAL

This is a *pro se* civil rights action for money damages under 42 U.S.C. § 1983. Plaintiff Frederick H. Grumbley is a prisoner currently incarcerated at a state facility in St. Louis, Michigan. He has been granted leave to proceed without prepayment of the filing fee for this action.

Defendants are the State of Michigan and Paul Fehrman, who appears to have been the prosecutor in a state criminal proceeding against Plaintiff. The complaint and attachments allege that, at a preliminary hearing in state district court, Defendant Fehrman committed perjury and violated Plaintiff's right to a reasonable bond by stating that Plaintiff admitted having a one-year-old child perform fellatio on him.

When screening an indigent prisoner's civil rights complaint against a governmental entity, officer, or employee, a federal district court must determine whether the complaint, or any portion of it: (1) is frivolous, malicious, or fails to state a claim for which relief may be granted, or (2) seeks monetary relief from a defendant who

is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

> Dismissal of a complaint for the failure to state a claim on which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *See Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir.1996) ("A motion to dismiss may be granted under Fed. R. Civ. P. 12(b)(6) 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'") (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

*Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

The pending complaint is frivolous because it challenges the fact or duration of Plaintiff's confinement. A civil rights action is not a proper remedy for a state prisoner who is making a constitutional challenge to the fact or length of his custody. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973).

Furthermore, Defendant Fehrman apparently was a prosecutor when he made the disputed comment. An exhibit to the complaint indicates that Fehrman was attempting to persuade the state judge to make it difficult for Plaintiff to be released on bond. Prosecutors enjoy absolute immunity from damages liability when "initiating a prosecution and in presenting the State's case" and for conduct "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). The key to analyzing prosecutorial immunity is determining whether the act in question was performed in the prosecutor's role as an advocate for the State. *Spurlock v. Thompson*, 330 F.3d 791, 798 (6th Cir. 2003). A prosecutor's actions in connection with an application for bail or bond are "best understood as components of

2

the initiation and presentation of a prosecution, and therefore are protected by absolute immunity." *Pinaud v. Suffolk*, 52 F.3d 1139, 1149 (2d Cir. 1995). Thus, Plaintiff has no right to relief from Defendant Fehrman.

The only other defendant is the State of Michigan, which enjoys immunity from suit under the Eleventh Amendment. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). The State has not consented to suit in federal court, *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir.), *cert. denied*, __ U.S. __, 125 S. Ct. 157 (2004), and Congress did not abrogate the states' sovereign immunity when it enacted § 1983. *Hutzell v. Sayre*, 5 F.3d 996, 999 (6th Cir. 1993).

To conclude, Plaintiff's allegations lack an arguable basis in law. Accordingly, Plaintiff's complaint is dismissed as frivolous, for failure to state a claim, and because it seeks money damages from defendants who are immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). An appeal from this order would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: July 21, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 21, 2005, by electronic and/or ordinary mail.

    S/Lisa G. Teets
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\DEM\OpinionsandOrders\05-71877.GRUMBLEY.OrderOfDismissal.wpd